UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARPENTERS HEALTH AND WELFARE FUND OF PHILADELPHIA AND VICINITY; CARPENTERS PENSION AND ANNUITY FUND OF PHILADELPHIA AND VICINITY; CARPENTERS SAVINGS FUND OF PHILADELPHIA AND VICINITY; CARPENTERS JOINT APPRENTICE COMMITTEE; CARPENTERS INTERNATIONAL TRAINING FUND; THE TRUSTEES THEREOF; CARPENTERS POLITICIAL ACTION COMMITTEE OF PHILADELPHIA AND VICINITY; <br><br> KEYSTONE MOUNTAIN LAKES REGIONAL COUNCIL OF CARPENTERS, as successors to the Metropolitan Regional Council of Carpenters of the United Brotherhood of Carpenters and Joiners of America; <br><br> and <br><br> GENERAL BUILDING CONTRACTORS ASSOCIATION, INCORPORATED, and its Industry Advancement Program, <br><br>             Plaintiffs, <br><br>   v. <br><br> P. SANTOS CO. INC., <br><br>             Defendant. | Civil Action No.: |

## COMPLAINT

Plaintiffs Carpenters Health and Welfare Fund of Philadelphia and Vicinity, Carpenters Pension and Annuity Fund of Philadelphia and Vicinity, Carpenters Savings Fund of Philadelphia and Vicinity, Carpenters Joint Apprentice Committee, Carpenters International Training Fund, the Trustees Thereof, Carpenters Political Action Committee of Philadelphia and Vicinity ("Welfare Fund," "Pension Fund," 'Savings Fund," "Apprentice Committee," "Training Fund," "Trustees," and "PAC," respectively), Keystone Mountain Lakes Regional Council of Carpenters, as successors to the Metropolitan Regional Council of Philadelphia and Vicinity, United Brotherhood of Carpenters and Joiners of America ("Union"), and the General Building Contractor Association, Incorporated ("GBCA"), and its Industry Advancement Program (collectively, "Plaintiffs"), by and through undersigned counsel, states as its complaint against Defendant P. Santos Co. Inc. ("Defendant"), the following:

## JURISDICTION

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331, as the underlying claims at issue involve rights and liabilities governed by federal law, specifically, the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145.

2. In accordance with 29 U.S.C. § 1132(h), a copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

## VENUE

3. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391(a) and (b).

## PARTIES

4.      At all relevant times, Plaintiffs Welfare Fund, Pension Fund, Savings Fund, Apprentice Committee, and Training Fund (collectively, "Funds"), were and are trust funds established and maintained pursuant to § 302(c)(5) of the Labor Management Relations Act, ("LMRA"), 29 U.S.C. § 186(c)(5), and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. §§ 1002(37), (1), (2), and (3). The Funds qualify to commence this action under 29 U.S.C. §§ 1132(d)(1). The Funds are administered at, and maintain their office and principal place of business at 1811 Spring Garden Street, Philadelphia, Pennsylvania 19130.

5.      Plaintiff Trustees are fiduciaries of the Funds, entitled to bring and maintain this action under 29 U.S.C. § 1132, on behalf of themselves, the Funds, and the Funds' participants and beneficiaries. The Trustees, in their capacity as Trustees, maintain their office and principal place of business at 1811 Spring Garden Street, Philadelphia, Pennsylvania 19130.

6.      Plaintiff PAC is an unincorporated association established pursuant to 2 U.S.C. § 431, *et seq.* for the purpose of advancing the political interests of the members of the union by lawfully influencing the selection, nomination, election, and/or appointment of individuals for political office.

7.      Plaintiff Union is an is an unincorporated association, commonly referred to as a labor union, and is an employee organization which represents, for purposes of collective bargaining, employees of Defendant (as defined herein) who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§ 152(5), (6), (7); 185(a); 1002(4), (11), and (12). The Union maintains an office and place of business at 650 Ridge Road, Pittsburgh, Pennsylvania 15205.

8. Plaintiff GBCA is a Pennsylvania non-profit corporation. It maintains an Industry Advancement Program ("IAP") for the purpose of fostering and advancing cooperation and negotiations between labor and management and the interest of the carpentry industry in the jurisdiction of the Union. The GBCA maintains an office and place of business at 36 South 18th Street, Philadelphia, PA 19103

9. Upon information and belief, Defendant is a Pennsylvania business corporation, having a place of business at 7400 Edmund Street, Philadelphia, Pennsylvania 19136.

## FACTS

10. At all relevant times, Defendant was and is signatory to a collective bargaining agreement ("CBA") with the Union and the GBCA. A true and correct copy of the signature page expressly incorporating by specific reference the terms and conditions of the CBA, and relevant provisions of the CBA are attached hereto as Exhibits A and B, respectively.

11. At all relevant times, Defendant was and is bound by the Declarations of Trust of the Funds ("Trust Agreements").

12. At all relevant times, pursuant to the CBA and Trust Agreements, Defendant was and is obligated to:

(a) make full and timely payments to the Funds and the PAC, as required by the CBA;

(b) file remittance reports detailing all employees or work for which contributions were required under the CBA;

(c) produce, upon request, individually or jointly, all books and records deemed necessary to conduct an audit of Defendant's records concerning its obligations to Plaintiffs;

(d) pay liquidated damages and all costs of litigation, including attorneys' fees, expended by Plaintiffs to collect any amounts due as a consequence of Defendat's failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c); and

(e) pay wages, dues, PAC contributions, and other amounts withheld from employee pay in accordance with the terms of the CBA.

13. Upon information and belief, Defendant has failed to submit remittance reports and make contributions as required under the CBA or Trust Agreements for the period from January 1, 2017 to date.

14. Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of Defendant's delinquency since the books, records, and information necessary to determine this liability are in the exclusive possession, custody and control, or knowledge of Defendant. Defendant has failed in its self-reporting duties.

15. On or about June 13, 2018 and July 2, 2018, Plaintiffs sent audit request letters to Defendant to determine the precise amount owing Plaintiff Funds. True and correct copies of those audit request letters are attached hereto as Exhibit D.

16. Defendant failed to comply with the audit requests, refused to provide Plaintiffs with any relevant business records, and has otherwise concealed and obstructed discovery.

17. All conditions precedent to equitable relief sought in this Complaint have been satisfied.

## COUNT I
### (Unpaid Contributions from January 1, 2017 to date – 29 U.S.C. §§ 1132 and 1145 against Defendant)

18. Plaintiffs repeat the allegations in the preceding paragraphs of this Complaint as if set forth at length herein.

19. Pursuant to 29 U.S.C. § 1059, Defendant is required to maintain records sufficient to determine when benefits are due, as well as information necessary to enable plan administrators to develop reports required by statute.

20. Pursuant to the CBA and Trust Agreements, Plaintiffs have the right to examine Defendant's payroll and employment records whenever necessary to fulfill their duties to properly administer the Funds.

21. Plaintiffs requested access to pertinent records for Defendant for the period from January 1, 2017 to date. Defendant failed to submit to the requested audit.

22. Upon information and belief, Defendant has failed to make contributions to the Funds in violation of 29 U.S.C. § 1145 for a period not barred by the applicable statute of limitations.

23. Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent, and amount of Defendant's delinquency since the books, records, and information necessary to determine this liability are in the exclusive possession, custody and control, or knowledge of Defendant.

24. Upon information and belief, the Plaintiffs have been damaged by Defendant's violation of 29 U.S.C. § 1145.

25. Plaintiffs have no adequate remedy at law for the calculation of any damages suffered as a result of Defendant's failure, and therefore require an audit.

26. All conditions precedent to equitable relief have been satisfied.

**WHEREFORE**, Plaintiffs pray for the following relief:

(a) an order that Defendant submit to payroll audits covering the period from January 1, 2017 through the present;

(b) judgment against Defendant in favor of Plaintiffs for unpaid contributions in an amount to be determined based on the payroll audits;

(c) interest on the unpaid contributions;

(d) liquidated damages;

(e) reasonable attorney's fees and costs; and

(f) such other legal or equitable relief as the Court deems appropriate.

Respectfully submitted,

**KROLL HEINEMAN CARTON, LLC**
*Attorneys for Plaintiffs*

*/s/ Seth Ptasiewicz*
SETH PTASIEWICZ

DATED: February 11, 2019